UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

ZALATHIEL AGUILA,

        Defendant.

No. 2:16-cr-00046-GEB

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS PARAGRAPHS 9 THROUGH 12 IN COUNTS ONE THROUGH FOUR IN THE SUPERSEDING INDICTMENT**

Defendant Zalathiel Aguila moves for dismissal of paragraphs 9 through 12 in Counts One through Four in the superseding indictment arguing: "first, the same two separate offenses are charged in each of those four counts in violation of Rule 8(a) of the Federal Rules of Criminal Procedure; second, one of those two offenses is barred by the applicable statute of limitations." Def.'s Mot. to Dism. at 1:20-23, ECF No. 40. Defendant also argues "Paragraph 8 of Count One alleges that the fraud on the homeowners and the financial institutions took place between September of 2004 and February of 2008," and since the "Superseding Indictment . . . was filed on April 14, 2016, more than five years after February of 2008, the charged offense in paragraphs 9 through 12 would only be timely if the offense affected a financial institution" and no facts explains such an affect. Id. at 6:27-28, 7:5-10.

1

The United States of America ("government") opposes the motion arguing, inter alia, Defendant's dismissal motion against "Counts One through Four—sounds in the doctrine of duplicity," which "'is the joining in a single count of two or more distinct and separate offenses . . . '" Gov't.'s Opp. at 2:11-12, ECF No. 41. (citing United States v. UCO Oil Co., 546 F.2d 833, 835 (9th Cir. 1976)). The government argues that "Count One charges a single conspiracy, in violation of 18 U.S.C. § 1349, to commit two underlying offenses[; and b]ecause a single charge of conspiracy to commit more than one offense does not violate the rule against duplicity," Defendant's dismissal motion against Count One should be denied. Id. 3:14-16, 15-16. Defendant has not shown grounds for dismissal of Count One.

The government also argues that the remainder of the motion should also be denied. Defendant has not shown that the remainder of his motion should be granted, therefore it is also denied.

Accordingly, Defendant's dismissal motion is denied.

Dated: November 20, 2017

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge