UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:16-cr-0046-GEB |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| Zalathiel Aguila, | |
| Defendant. | |

After Defendant's sentencing hearing held on July 26, 2019 and the filing of the JUDGMENT IN A CRIMINAL CASE on August 14, 2019, the United States of America filed a motion on August 30, 2019 for entry of an amended restitution order. The United States argues: the amendment "would include the loss timely asserted by an undeniable victim of the instant [conspiracy] fraud scheme [involved in defendant's criminal offense] that was left out of the Presentence Investigation Report ("PSR") through inadvertence and mistake, but through no fault of the victim." Mot. for Amended Restitution Order at 1:4-8 (ECF No. 139 at 3 of

1

6.) The United States noticed the motion for hearing on September 13, 2019. This hearing date was vacated by a Minute Order filed on September 3, 2019 that required "[t]he defense [to] file a response to the Government's Motion to Amend the Judgment no later than 9/10/19" and stated: "[t]he government reply shall be filed no later than 9/13/19 . . ."

Defendant filed a motion to quash the restitution claim on September 10, 2019. Subsequently, a Minute Order issued on October 8, 2019 scheduling the restitution hearing on October 11, 2019. On the same day, Defendant filed a request seeking "the Restitution hearing . . . be re-scheduled to October 18, 2019." Restitution Hearing, at 1:18-20, (ECF No. 143.) This rescheduling request was granted.

Defendant argues in his motion to quash the restitution claim: "t]he Government does not cite any authority for its proposition that its claimed mistake and oversight . . . excuses the omission of amounts from the agreed upon and final order of restitution," and "Defendant would be prejudiced by any addition to the judgment of restitution because a restitution order entered after sentencing may only be appealable if the Court deferred the issue of restitution, which did not occur in this case." Mot. to Quash Restitution Claim, at 2:23-24, 3:1, 3:7-10 (ECF No. 141.)

The government argues as follows that Defendant is aware of how much restitution he could be required to pay: "In the plea agreement between the parties, the defendant agreed to pay the full amount of restitution to all victims affected by this offense, with the parties estimating that such restitution would be at least approximately $10.47 million. ECF No. 93 at 3." Mot. for Amended Restitution Order 1:18-21 (internal quotations omitted).

The PSR filed on January 9, 2019, contains the recommendation that Defendant be ordered to pay $176,669 in restitution. ECF No. 118." Mot. at 1:18-21 (ECF No. 139.) That recommendation was adopted.

On August 13, 2019, the probation officer filed a restitution Memorandum in which the probation officer states: "Immediately following the sentencing hearing, the probation officer received a telephone call from a representative with [the United States Attorney's] Victim Witness Unit indicating that two of the four victim impact statements and requests for restitution, which had been submitted in 2018 (prior to the preparation of the presentence report), were not included in the presentence report for the Court's consideration." Sealed probation officer Memorandum (ECF. No. 137). The probation officer finds in the Memorandum that one of two victims omitted

from the PSR is entitled to $202,399.54 in lost equity because of Defendant's and his coconspirators criminal fraudulent offense. This is the victim that the government's proposed amendment would include in the amended restitution judgment and would result in Defendant being ordered to pay $379,068.54 in restitution, and the victim mistakenly omitted as a payee being listed in an AMENDED JUDMENT IN A CRIMINAL CASE with the other listed restitution victims. During the October 18, 2019 hearing on the amendment motion, a probation officer explained that said victim's impact statements and request for restitution were not seen because the documents had been placed in the co-defendant's sentencing folder.

The restitution amendment issue concerns the question whether when deciding the present motion, the federal court is bound by the deadlines in the Mandatory Victims Restitution Act of 1996 ("MVRA") prescribed in 18 U.S.C. § 3664(d)(5). The Supreme Court considered a similar question in Dolan v. United States, 560 U.S. 605 (2010), and held those time limitations are not jurisdictional in nature, and therefore do not bar a federal court from ordering restitution after the prescribed statutory deadlines. Dolan distinguished between statutory time limits which are jurisdictional, and rules which do not limit a court's jurisdiction, but rather regulate the timing of motions or claims

4

and held that the time limitations in § 3664(d)(5) do not deprive district courts of the power to order restitution. As stated in <u>Dolan</u>, 560 U.S. at 607-608, 611 (2010): "This case concerns the remedy for missing a statutory deadline [in 18 U.S.C. § 3664]. The statute . . . focuses upon mandatory restitution for victims of crimes . . . The fact that a sentencing court misses the statute's . . . deadline, even through its own fault or that of the Government, does not deprive the court of the power to order restitution."  "[T]he statute seeks speed primarily to help the victims of crime and only secondarily to help the defendant . . . Consequently, a court might award restitution for those losses long after the original sentence was imposed . . . " Id. at 613. "[N]either the language nor the structure of the statute requires denying the victim restitution in order to remedy a missed . . . deadline [; and] doing so would defeat the basic purpose of the Mandatory Victims Restitution Act. Id. at 615.

   The sentencing record makes pellucid that Defendant was aware of the likely restitution amount to which he could be responsible since it is stated in the justification section of the PSR that the Mortgage and bank fraud scheme "caused an estimated actual loss of at least $10, 473, 606 to approximately 20 financial institutions and/or 69 finally distressed homeowners."  "[H]ere [the delay in ordering more restitution] at

worse postpone[d] the day of financial reckoning." Id. Nor is Defendant's concern about not having the ability to appeal from an amended restitution judgment enough reason to deny the motion. The Supreme Court discusses appeal from an amended restitution judgment in <u>Dollan</u> as follows: "Moreover, § 3664(o) provides that a 'sentence that imposes an order of restitution,' such as the later restitution order here, 'is a final judgment.' Thus, it is not surprising to find instances where a defendant has appealed from the entry of a judgment containing an initial sentence that includes a term of imprisonment; that same defendant has subsequently appealed from a later order setting forth the final amount of restitution . . . ." Id. at 618.

For the stated reasons, an amended judgment shall be entered adding the omitted restitution victim and increasing the amount of restitution to $379,068.54.

Dated: October 18, 2019

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

6