UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ZALATHIEL AGUILA,<br><br>Defendant. | No. 2:16-cr-00046-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Zalathiel Aguila's ("Defendant") Emergency Motion for Early Release due to the COVID-19 pandemic. (ECF No. 161.) The Government filed an opposition. (ECF No. 165.) Defendant did not file a reply. For the reasons set forth below, the Court DENIES Defendant's motion.

On August 31, 2018, Defendant pleaded guilty to conspiracy to commit wire fraud affecting a financial institution and bank fraud in violation of 18 U.S.C. § 1349. (ECF No. 93.) On July 26, 2019, Defendant was sentenced to 48 months of imprisonment, 36 months of supervised release, and ordered to pay a special assessment of $100 and restitution in the amount of $176,669.[1] (ECF No. 138.) Defendant timely filed a notice of appeal. (ECF Nos. 150, 153.) Defendant is currently serving his sentence at Reeves County Detention Center III in Pecos,

---

[1] On November 4, 2019, an amended judgment was entered amending only the amount of restitution. (ECF No. 151.)

1

Texas ("Reeves"), with a projected release date of March 21, 2023.

On March 29, 2020, Defendant filed the instant "Emergency Motion for Early Release," in which he requests release from his confinement at Reeves to home detention due to the COVID-19 pandemic.[2] Defendant is 46 years old and claims he suffers from high blood pressure, high cholesterol, sleep apnea, and diabetes, which puts him at a greater risk of contracting COVID-19, especially given the conditions at Reeves.[3] In opposition, the Government argues Defendant's motion must be denied because Defendant failed to exhaust administrative remedies before filing his motion.

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule. However, 18 U.S.C. § 3582(c)(1)(A) includes a threshold exhaustion requirement: Defendant cannot seek release from the Court until he first seeks release from the Bureau of Prisons ("BOP") and then after exhausting administrative remedies or the lapse of 30 days. 18 U.S.C. § 3582(c)(1)(A).

In the instant case, there is no evidence Defendant filed a compassionate release request with the BOP as required by 18 U.S.C. § 3582(c)(1)(A). Further, Defendant did not address his failure to exhaust administrative remedies in his motion nor did he file a reply to the Government's opposition on the issue. Defendant's failure to meet the threshold exhaustion requirement provides grounds to deny his motion without reaching the merits. *See* 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Eberhart*, No. 13-CR-313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) (declining to excuse Defendant's failure to exhaust administrative

---

[2] Defendant requests "a compassionate release from his confinement at Reeves to home detention," but Defendant fails to cite to statutory authority under which he seeks early release. Absent any reference to statutory authority, the Court construes Defendant's motion as being brought under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

[3] Defendant did not file any medical records in support of his motion. Further, the presentence report ("PSR") indicates the probation officer requested but did not receive Defendant's medical records before the final PSR was drafted.

2

remedies in denying a COVID-19 compassionate release motion).

However, Defendant is not entitled to relief even if the Court reaches the merits of his motion. Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Defendant has not met his burden.

The Sentencing Commission's relevant policy statement on compassionate release identifies medical conditions that satisfy the "extraordinary and compelling" requirement. U.S.S.G. § 1B1.13, cmt. n. 1(A). More specifically, the "extraordinary and compelling" requirement is met where a defendant is (i) suffering from a terminal illness, or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*

Although Defendant claims he has high blood pressure, high cholesterol, sleep apnea, and diabetes, Defendant fails to provide evidence to verify these claims. Defendant also fails to argue his medical conditions qualify as "extraordinary and compelling" within the context of U.S.S.G. § 1B1.13, cmt. n. 1(A). Absent any evidence or argument to the contrary, the Court concludes Defendant is neither terminally ill nor subject to a serious or unrecoverable condition that substantially diminishes his ability to provide self-care within a BOP facility.[4] *Id.* Moreover, at age 46, Defendant does not satisfy the statute's age-related conditions. *Id.*

---

[4] To the extent Defendant raises Eighth Amendment arguments challenging the conditions of his confinement at Reeves, venue is improper in the Eastern District of California. "[P]etitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). Indeed, the Court lacks jurisdiction to consider a § 2241 petition if the petitioner's custodian is outside of the Court's territorial jurisdiction. *See Dunne v. Henman*, 875 F. 2d 244, 248–49 (9th Cir. 1989); *see also Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990). Because Reeves is confined in Pecos, Texas, Defendant's complaints about conditions at Reeves must be brought in the Western District of Texas.

As a whole, Defendant's arguments about COVID-19 are too general and wide-ranging. *See, e.g.*, *Eberhart*, 2020 WL 1450745, *2 ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement[.]"). Defendant fails to provide case-specific facts establishing his eligibility for compassionate release and does not offer any other statutory grounds for his release.

In sum, the Court declines to grant Defendant's request for compassionate release because Defendant failed to exhaust administrative remedies and did not meet his burden to show there are "extraordinary and compelling reasons" for his release.

For the foregoing reasons, the Court hereby DENIES Defendant's Emergency Motion for Early Release. (ECF No. 161.)

IT IS SO ORDERED.

DATED: April 9, 2020

Troy L. Nunley
United States District Judge