UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ZALATHIEL AGUILA,<br><br>Defendant. | No. 2:16-cr-00046-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Zalathiel Aguila's ("Defendant") Renewed Motion for Early Release. (ECF No. 184.) The Government filed an opposition. (ECF No. 188.) Defendant filed a reply. (ECF No. 192.) For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 31, 2018, Defendant pleaded guilty to conspiracy to commit wire fraud affecting a financial institution and bank fraud in violation of 18 U.S.C. § 1349. (ECF No. 93.) On July 26, 2019, Defendant was sentenced to 48 months of imprisonment followed by 36 months of supervised release. (ECF No. 138.) Defendant is currently serving his sentence at Reeves County Detention Center III in Pecos, Texas ("Reeves III"), with a projected release date of March 21, 2023.

On March 29, 2020, Defendant filed an "Emergency Motion for Early Release," in which he requested release from his confinement at Reeves III due to the COVID-19 pandemic. Defendant claimed he suffers from high blood pressure, high cholesterol, sleep apnea, and diabetes, which puts him at a high risk for COVID-19. The Court construed Defendant's motion as being brought pursuant to the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i) and denied Defendant's request for two reasons: (1) Defendant failed to exhaust administrative remedies; and (2) Defendant did not meet his burden to show "extraordinary and compelling" reasons for release because he failed to provide any medical records to verify his alleged medical conditions. (ECF No. 168 at 2–4.)

On July 11, 2020, Defendant filed the instant Renewed Motion for Early Release, in which he again seeks release due to the COVID-19 pandemic. (ECF No. 184.) Defendant argues he has now exhausted his administrative remedies and submits medical records verifying his health conditions. In opposition, the Government argues the Court should deny Defendant's motion because Defendant again fails to demonstrate extraordinary and compelling reasons to warrant release and the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors do not support a reduced sentence.

## II. ANALYSIS

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule. However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

In the instant case, it is undisputed that Defendant has met the threshold exhaustion requirement. Defendant made a compassionate release request on April 7, 2020. The assistant facility administrator denied Defendant's request on April 20, 2020. Because more than 30 days have elapsed since April 7, 2020, Defendant has met the exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A).

Despite having met the exhaustion requirement, Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's relevant policy statement on compassionate release identifies medical conditions that satisfy the "extraordinary and compelling" requirement. U.S.S.G. § 1B1.13, cmt. n. 1(A). More specifically, the "extraordinary and compelling" requirement is met where a defendant is: (i) suffering from a terminal illness; or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*

The Government concedes that Defendant's Type 2 diabetes "technically involves an increased risk of severe illness from COVID-19, as set forth by the Centers for Disease Control." (ECF No. 188 at 17.) However, the Government argues Defendant's medical records indicate he is being properly treated for Type 2 diabetes, and his most recent blood sugar reading is within the normal range. (*Id.*) The Government adds that Defendant is no longer obese, and his blood pressure has lowered substantially to the point where it is just above normal. (*Id.*) For these reasons, the Government argues Defendant's Type 2 diabetes does not qualify as "extraordinary

and compelling" because Defendant's improved health suggests he does not suffer from a condition that substantially diminishes his ability to provide self-care at Reeves III. (*Id.*)

The Court is mindful that people with certain medical conditions — including diabetes, hypertension, and obesity — can be more vulnerable to COVID-19. But the Court is not convinced that Defendant is unable to manage his health and minimize his risks through self-care, especially considering there have been no reported inmate cases of COVID-19 at Reeves III as of the date of this Order. As a whole, Defendant's arguments about COVID-19 are too general and wide-ranging. *See, e.g.*, *Eberhart*, 2020 WL 1450745, *2 ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement.").[1]

Even assuming Defendant's medical conditions satisfy the "extraordinary and compelling" standard, the § 3553(a) factors do not support a reduced sentence. *See* 18 U.S.C. § 3582(c)(1)(A) (requiring a consideration of the § 3553(a) factors before granting compassionate release). Defendant's 48-month sentence is already well below the applicable guidelines range of 78–97 months. Defendant seeks to reduce his sentence to time served despite having served only approximately nine months of his sentence. In other words, Defendant is seeking a reduction from a well-supported, below-guideline, 48-month sentence to a considerably lower nine-month sentence. Based on the current record, the Court finds the § 3553(a) factors do not support such a drastic reduction.

Importantly, in recommending the substantial downward variance to 48 months, the probation officer already considered many of the factors Defendant emphasizes again in his reply:

---

[1] Defendant also argues his conditions of confinement violate the Eighth Amendment. (ECF No. 184 at 7.) As the Court mentioned in its previous order, venue for an Eighth Amendment claim is improper in the Eastern District of California. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). Because Reeves III is confined in Pecos, Texas, Defendant's complaints about conditions at Reeves III must be brought in the Western District of Texas. Further, Defendant fails to explain how a purported Eighth Amendment violation would warrant his immediate release rather than some other form of relief. In the absence of any authority suggesting an Eighth Amendment violation necessitates release from a lawfully imposed sentence and due to the improper venue, the Court declines to address Defendant's Eighth Amendment argument.

Defendant's lack of criminal history; the minor role he played in the offense; his strong support from family and friends; and his positive contributions to society. The only "new" factor the probation officer did not — and could not — consider was Defendant's health risks related to the COVID-19 pandemic. Although the § 3553(a) factors specifically include the need to provide Defendant with medical care in the most effective manner, it appears Reeves III has thus far been capable of adequately addressing Defendant's medical needs. Therefore, Defendant's medical needs do not outweigh the other § 3553(a) factors that support a 48-month sentence.

### III.  CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Renewed Motion for Early Release. (ECF No. 184.)

IT IS SO ORDERED.

DATED:  August 17, 2020

Troy L. Nunley
United States District Judge