UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

ZALATHIEL AGUILA,

Defendant.

No. 2:16-cr-00046-TLN

**ORDER**

This matter is before the Court on remand from the Ninth Circuit Court of Appeals. (ECF Nos. 218, 219.) More specifically, the Ninth Circuit instructed this Court to reconsider its denial of Defendant Zalathiel Aguila's ("Defendant") Motion for Compassionate Release in light of intervening authority. (*Id.*) For the reasons set forth below, the Court again DENIES Defendant's Motion for Compassionate Release. (ECF No. 184.)

///

///

///

///

///

///

///

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 31, 2018, Defendant pleaded guilty to conspiracy to commit wire fraud affecting a financial institution and bank fraud in violation of 18 U.S.C. § 1349. (ECF No. 93.) On July 26, 2019, Defendant was sentenced to 48 months of imprisonment followed by 36 months of supervised release. (ECF No. 138.) Defendant is currently serving his sentence at Reeves County Detention Center III in Pecos, Texas ("Reeves III"), with a projected release date of March 21, 2023.

Defendant filed the instant motion for compassionate release on July 11, 2020, seeking release due to the COVID-19 pandemic. (ECF No. 184.) On August 17, 2020, the Court denied Defendant's motion. (ECF No. 193.) Defendant appealed. (ECF No. 197.) On review, the Ninth Circuit vacated the denial and remanded to this Court to reconsider Defendant's motion based on the intervening decision in *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021). (ECF Nos. 218, 219.) Defendant filed a brief on remand on August 24, 2021. (ECF No. 224.) The Government filed a response. (ECF No. 225.) Defendant filed a reply. (ECF No. 228.)

## II. ANALYSIS

### A. Compassionate Release Standard

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule. However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

It is undisputed that Defendant has met the threshold exhaustion requirement. Despite having met the exhaustion requirement, Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing

Commission." 18 U.S.C. § 3582(c)(1)(A). The Ninth Circuit recently held "the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (2021). The Ninth Circuit explained "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.* Accordingly, the Court relies on § 1B1.13 herein as persuasive authority.

The Sentencing Commission's relevant policy statement on compassionate release identifies medical conditions that satisfy the "extraordinary and compelling" requirement. U.S.S.G. § 1B1.13, cmt. n. 1(A). More specifically, the "extraordinary and compelling" requirement is met where a defendant is: (i) suffering from a terminal illness; or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*

B. Defendant's Circumstances Are Not "Extraordinary and Compelling"

Defendant claims his circumstances constitute compelling and extraordinary circumstances because: (1) his medical conditions — including high blood pressure, obesity, asthma, and diabetes — make him particularly vulnerable to COVID-19; (2) the emergence of variants, especially the Delta variant, places him at increased risk; and (3) his ability to practice self-care is diminished due to the conditions at Reeves III. (ECF No. 224 at 2–4.)

The Court remains unconvinced Defendant is unable to manage his health and minimize his risks of COVID-19 through self-care. Not only do Defendant's medical records indicate his diabetes is controlled, his asthma is being treated, he is no longer obese, and his blood pressure is just above normal, but also that Defendant is fully vaccinated.[1] Moreover, although there was a

---

[1] Although some fully vaccinated people will have a breakthrough infection and experience illness, "[t]he COVID-19 vaccines approved or authorized in the United States are highly effective at preventing severe disease and death, including against the Delta variant." Centers for Disease Control and Prevention, *Delta Variant: What We Know About the Science*, https://www.cdc.gov/coronavirus/2019-ncov/variants/delta-variant.html (last visited September 29, 2021).

small outbreak and one inmate death at Reeves III, there are no active cases of COVID-19 at the facility. Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/index.jsp (last visited October 4, 2021). As such, Defendant's concerns are arguably too speculative at this time. Based on the existing record, the Court finds Defendant's health concerns do not rise to the level of "extraordinary and compelling" reasons for release.

C. The § 3553(a) Factors Do Not Support A Reduced Sentence

Even assuming Defendant's medical conditions satisfy the "extraordinary and compelling" standard, the § 3553(a) factors do not support a reduced sentence. *See* 18 U.S.C. § 3582(c)(1)(A) (requiring a consideration of the § 3553(a) factors before granting compassionate release). Defendant's 48-month sentence is already well below the applicable guidelines range of 78–97 months. Defendant seeks to reduce his sentence to time served despite having served only approximately 22 months of his sentence. In other words, Defendant is seeking a reduction from a well-supported, below-guideline, 48-month sentence to a considerably lower 22-month sentence. The Court finds the § 3553(a) factors do not support such a drastic reduction.

Importantly, in recommending the substantial downward variance to 48 months, the probation officer already considered many of the factors Defendant emphasizes again in his brief on remand: Defendant's lack of criminal history; the minor role he played in the offense; his strong support from family and friends; and his positive contributions to society. The only "new" factor the probation officer did not — and could not — consider was Defendant's health risks related to the COVID-19 pandemic. Although the § 3553(a) factors specifically include the need to provide Defendant with medical care in the most effective manner, it appears Reeves III has thus far been capable of adequately addressing Defendant's medical needs, including vaccination. Therefore, Defendant's medical needs do not outweigh the other § 3553(a) factors that support a 48-month sentence.

///

///

///

///

## III. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Compassionate Release. (ECF No. 184.)

IT IS SO ORDERED.

Dated: October 5, 2021

Troy L. Nunley
United States District Judge